## ALGER v. TURNER.

1. Agency can not be proved by declarations of the alleged agent.
2. There is, under our law, no "privilege as attorney" giving an attorney at law the right to refuse to answer pertinent questions asked for the purpose of proving that he was not employed by a designated person to institute a given proceeding.

3. There was no evidence to warrant some of the ·charges of which complaint is made.

Argued June 15, — Decided July 23, 1898.

Attachment. Before Judge Kimsey. White superior court. ·October term, 1897.

*H. H. Perry* and *J. L. Oakes,* for plaintiff in error.
*Boyd & Lilly* and *G. S. Kytle,* contra.

LUMPKIN, P. J. The plaintiff below brought an action ·against the defendant Alger, to recover damages alleged to have been occasioned to his property by reason of certain mining ·operations which he alleged had been conducted at the instance of the defendant upon a specified tract of land. The suit was begun by attachment, and the controlling question was whether or not one Baker, in carrying on the mining operations complained of, was doing so as the agent of the defendant.

1. A witness for the plaintiff was permitted, over proper objection made by the defendant, to testify that Baker told the witness that the defendant had sent him (Baker) a check for $3,000, and that he was the defendant's agent. Over a like objection, the witness was further permitted to testify that he saw a letter purporting to have been signed by the defendant, which Baker said was written by the latter. This testimony ought to have been excluded. Its only purpose was to prove that Baker was Alger's agent, and it is quite certain this could not be done by the mere declarations of Baker. The proposition that agency can not be proved by declarations of the alleged agent is as well settled as any principle known to the law, and requires no citation of authority to establish its correctness.

2. The plaintiff introduced in evidence an application purporting to have been filed with the ordinary for the purpose of condemning a right of way for a drain over the plaintiff's land. This application was signed by J. W. H. Underwood as attorney at law for Alger. Upon the assumption that Alger authorized this proceeding, it had some relevancy to the case, for the reason that the drain in question was to be used in connection with the mining operations. The defendant's counsel offered Underwood as a witness and asked him whether or not he had author-

ity from the defendant to institute the condemnation proceeding. The witness refused to answer. Thereupon defendant's counsel stated to the court that they expected to prove by this witness that the proceeding in question was begun at the instance of Baker, and without any authority from Alger. To this end, counsel requested the court to compel the witness to answer the above and other questions which they propounded to him for the purpose indicated. The witness claimed his "privilege as attorney," and the court ruled that he could not be required to answer any of these questions. We think this ruling was erroneous. The witness was not asked as to any communications between himself and a client; nor was there any effort to compel him to testify "to any matter or thing knowledge of which he may have acquired from his client by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney.". On the other hand, the defendant's counsel was simply endeavoring to prove that the relation of attorney and client had never in fact existed between Underwood and Alger; and no reason occurs to us why this was not permissible. Certainly, there is nothing in either section 5199 or section 5271 of the Civil Code which can be fairly said to render testimony of this kind illegal, or to confer upon an attorney at law any "privilege" exempting him from answering questions the purpose of which was to prove that he did not represent a designated person in a given proceeding. See Weeks on Attorneys (2d ed.), § 151.

3. Some of the charges complained of in the motion for a new trial were evidently predicated upon the assumption that the alleged agency had been proved. There was no evidence showing such agency at the time the damage complained of was done, and for this reason these charges were unwarranted.

*Judgment reversed. All the Justices concurring.*